[691 NYS2d 905]

In the Matter of SHAHRIAR KASHANIAN, an Attorney, Resignor.

Second Department, July 6, 1999

**APPEARANCES OF COUNSEL**

*Shahriar Kashanian,* Manhasset, resignor *pro se.*

*Grace D. Moran,* Syosset (*Chris G. McDonough* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Shahriar Kashanian has submitted an affidavit dated March 19, 1999, in which he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Kashanian was admitted to the practice of law at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 1, 1985.

Mr. Kashanian acknowledges that he is the subject of pending investigations that he filed false and misleading closing statements with the Office of Court Administration (hereinafter OCA). He also acknowledges that in a disciplinary proceeding against him, he would be charged with filing false and misleading closing statements with OCA on December 8, 1995 and May 31, 1995, indicating that he settled cases for specified amounts and that he received a certain fee when, in fact, the fees he received were substantially higher.

Mr. Kashanian acknowledges that he cannot successfully defend himself against such charges on the merits. He concedes that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone. He has discussed his decision to resign with his counsel and understands the implications of submitting a resignation, including being barred from seeking reinstatement for at least seven years.

Mr. Kashanian is aware that the Court, in an order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misapplied or misappropriated or to reimburse the Lawyers' Fund for Client Protection. Mr. Kashanian is also aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation. Inasmuch as the respondent's resignation complies with appropriate Court rules, it is accepted, the respondent is disbarred, and his name stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., S. MILLER, O'BRIEN, RITTER and THOMPSON, JJ., concur.

Ordered that the resignation of Shahriar Kashanian is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Shahriar Kashanian is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Shahriar Kashanian shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Shahriar Kashanian is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.